FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2021

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JESSE LEE JOHNSON (03), Defendant. | No. 1:20-cr-02030-SMJ-3<br><br>**ORDER DENYING DEFENDANT JESSE LEE JOHNSON'S (03) MOTION TO QUASH SEARCH WARRANT** |

Before the Court is Defendant Jesse Lee Johnson's (03) Motion to Quash Search Warrant, ECF No. 70. Johnson seeks to quash a search warrant, authorizing the seizure of his DNA to compare with swabs taken from a firearm allegedly used during a carjacking. The Court has determined oral argument unnecessary and denies the motion.

### BACKGROUND

A grand jury indicted Johnson with carjacking under 18 U.S.C. §§ 2119 and 2 on November 17, 2020. ECF No. 10. The relevant allegations are as follows. In July 2020, co-Defendant Derek Levi Martinez (02) lured the victim into a parking lot in downtown Yakima. ECF No. 70-1 at 5. Johnson's vehicle pulled up behind

the victim's car so that he could not leave. *Id.* Johnson remained in the driver's seat while two co-Defendants—Orlando Raul Rodriguez (01) and Cherrish Irean Jensen (04)—got out of the vehicle. *Id.* Rodriguez pointed a short-barreled rifle at the victim and ordered him out of his vehicle and to walk away. *Id.* Jensen drove the victim's vehicle away and eventually abandoned it in the parking lot of a housing complex. *Id.* at 8–9. After that, the victim, who was talking to police, saw the car driving back toward downtown, and police pulled them over and arrested Johnson and his three co-Defendants. *Id.* at 6.

On December 1, 2020, the Government sought a warrant for Defendant Johnson's DNA.[1] *See* ECF No. 70-1. The warrant was supported by an affidavit by Yakima Police Department criminal investigator Ilifonso Garcia. *Id.* The affidavit detailed the carjacking as described by the victim and corroborating evidence (including the seizure of the victim's property from Johnson's vehicle, statements, surveillance footage). *Id.* It noted that "[p]olice later recovered a sawed-off rifle from the backseat of [Johnson's] vehicle . . . located in a seat different from Rodriguez's, leading the affiant to believe that the rifle seized from [Johnson's] vehicle had changed hands on at least on occasion." *Id.* at 4–5.

---

[1] Magistrate Judge Dimke also issued search warrants authorizing the collection of the three co-Defendants' DNA. *See* ECF No. 82. The co-Defendants do not challenge those warrants.

ORDER DENYING DEFENDANT JESSE LEE JOHNSON'S (03) MOTION TO QUASH SEARCH WARRANT – 2

Garcia, "based on [his] training and experience, [] know[s] that DNA can be deposited by a suspect by merely touching an object with a bare hand." *Id.* at 10. "A Y[akima ]P[olice]D[epartment] Forensic Technician . . . took swabs from the trigger, forearm, action and of rifle" as well as the magazine. *Id.* at 9. The Government seeks to compare a sample of Johnson's DNA with the swabs taken from the firearm. *Id.* at 11.

Johnson's defense counsel learned of the proceeding only after Magistrate Judge Dimke issued the warrant. *See* ECF No. 71 at 3. About two weeks later, on December 14, 2020, Johnson moved to quash. ECF No. 70.

On December 15, 2020, the Court granted a stay of execution of the warrant until it ruled on the motion to quash. ECF No. 73. But because the warrant required that Johnson submit his DNA by 10:00 P.M. on December 15, 2020, the Government's agent had already collected his DNA sample by the time the Government received the order. *See* ECF No. 70-1 at 14; ECF No. 74 at 2. To comply with the Court's Order to the extent possible, the Government instructed the laboratory not to test the DNA until the Court's ruling. *Id.*

**LEGAL STANDARD**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. That right "shall not be violated, and no Warrants

shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id*. "The manifest purpose of this particularity requirement was to prevent general searches." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

> By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.

*Id*.

This Court may not disturb the magistrate's finding of probable cause and must uphold the valid of the search warrant so long as she had any "'substantial basis for concluding' that a search would uncover evidence of wrongdoing." *Illinois v. Gates*, 462 U.S. 213 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)) (internal alterations omitted).

Courts must consider the totality of the facts and circumstances of the individual case presented. *See Gates*, 462 U.S. at 230. "In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id*. at 231 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)) (internal quotations and alterations omitted). The question before a magistrate judge in considering an

ORDER DENYING DEFENDANT JESSE LEE JOHNSON'S (03) MOTION TO QUASH SEARCH WARRANT – 4

application for a search warrant is whether "given all the circumstances set forth in the affidavit before [her] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. "Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a 'commonsense, practical question.'" *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) (quoting *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc)). "The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir. 1985), *abrogated on other grounds by Gomez v. United States*, 490 U.S. 858 (1989) (internal citations omitted).

## DISCUSSION

Magistrate Judge Dimke had a substantial basis to issue the search warrant. Johnson argues that the affidavit is not sufficient to support probable cause that his DNA will provide evidence of the alleged carjacking. *See* ECF No. 71 at 2. And while the Government has taken swabs from the firearm allegedly used in the carjacking, no testing has confirmed the presence of DNA on the firearm. The Government counters that evidence supporting that the firearm changed hands during the crime is sufficient to meet the "fair probability" requirement. This Court agrees. There is a fair probability that DNA will be found on the firearm, and there

is a fair probability that such DNA could belong to Johnson. So, "given all the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband or evidence of a crime will be found" on Johnson's person through the collection of his DNA. *See Illinois v. Gates*, 462 U.S. 213, 236 (1983).

Taking a common-sense look at the totality of the circumstances, Magistrate Judge Dimke had a substantial basis for her finding of probable cause. *See United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007). Garcia, in his experience as a law enforcement officer, knows that DNA can be transferred by simply touching an object. ECF No. 70-1 at 10. The evidence shows that police found the firearm in Johnson's vehicle following the carjacking. *Id.* at 4–5. The victim identified Johnson as a participant in the carjacking. This Court agrees that the presence or absence of Johnson's DNA on the firearm is relevant to establish his role in the alleged offense. The Court finds persuasive decisions in other Circuits that have considered DNA on a firearm relevant evidence in a carjacking. *See, e.g.*, *United States v. Lee*, 758 F. App'x 80, 82 (2d Cir. 2018); *United States v. Garcon*, 349 F. App'x 377, 379 (11th Cir. 2009).

True, testing may reveal a lack of DNA on the firearm. And although there is evidence that the firearm changed hands, there is no direct evidence that Johnson himself possessed the firearm. But "[n]either certainty nor a preponderance of the evidence is required" to support probable cause. *Kelley*, 482 F.3d at 1050. The

ORDER DENYING DEFENDANT JESSE LEE JOHNSON'S (03) MOTION TO QUASH SEARCH WARRANT – 6

police found the firearm in Johnson's car after they arrested him for a carjacking during which that firearm was allegedly used. This constitutes a substantial basis for Magistrate Judge Dimke's probable cause finding.

Johnson also argues that the presence of absence of his DNA on the firearm is irrelevant to his carjacking charge. ECF No. 71 at 6. Instead, he asserts that the Government is fishing for evidence of other crimes (e.g., unlawful possession of a firearm). *Id.* This Court agrees that were the warrant *merely* a fishing expedition, the Government would overstep Defendant's Fourth Amendment rights. But as discussed above, there was sufficient evidence for Magistrate Judge Dimke's finding that there was probable cause that Johnson's DNA will provide evidence *of the crime charged*. Namely, it will provide insight into the Johnson's role in the carjacking. Any hypothetical tangential results of the search do not impact the Court's probable cause inquiry.

This is not a "wide-ranging exploratory searches the Framers intended to prohibit." *See Garrison*, 480 U.S. at 84. Giving Magistrate Judge Dimke's finding the appropriate deference, this Court cannot disturb her finding of probable cause.[2]

---

[2] Johnson also briefly argues that the *ex parte* warrant proceeding violated his Sixth Amendment right to counsel. *See* ECF No. 71 at 1. But Johnson provided little support for this argument. And *ex parte* warrant application proceedings are common. *See, e.g.*, *United States v. Harris*, 403 U.S. 573, 584 (1971); *United States v. Shipley*, No. CR-16-01061-001-TUC-RM (JR), 2017 U.S. Dist. LEXIS 127412, at *10–*11 (D. Ariz. Aug. 10, 2017) (holding issuance of a search warrant is not a critical stage of the prosecution under the Sixth Amendment).

ORDER DENYING DEFENDANT JESSE LEE JOHNSON'S (03) MOTION TO QUASH SEARCH WARRANT – 7

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Jesse Lee Johnson's (03) Motion to Quash Search Warrant, **ECF No. 70**, is **DENIED**.

2. The stay of execution of the search warrant, **ECF No. 73**, is **LIFTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 4th day of January 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge